B1040 (FORM 1040) (12/24)

## ADVERSARY PROCEEDING COVER SHEET
### (Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Craig R. Dostie | U.S. Bank Trust National Association as Trustee for Chalet Series IV Trust and SN Servicing Corporation |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

**PARTY** (Check One Box Only)
- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Equitable estoppel under Maine law and dissallowance of claim under 11 U.S.C. §502(b)(1)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ no monetary - Determination of enforceability of claim |

Other Relief Sought

Declaratory judgment that defendants are equitably estopped from enforcing the alleged debt and disallowance of claim under 11 USC §502(b)(1)

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  *Craig R. Dostie* | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING  *Maine* | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF  *Craig R. Dostie* | DEFENDANT  *U.S. Bank Trust National Association as Trustee for Chalet Series IV Trust and SN Servicing Corp.* | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE  *3/11/2026* | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  *Craig R. Dostie* |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

2

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MAINE

IN RE: Craig R. Dostie                    Chapter 7

Debtor(s) Craig R. Dostie                 Case No.

Craig R. Dostie

    Plaintiff(s)

  v.                             Adv. Proc. Case No.

U.S. BANK TRUST NATIONAL ASSOCIATION,

as Trustee for Chalet Series IV Trust,

and SN SERVICING CORPORATION

    Defendant(s)

### ADVERSARY COMPLAINT

Plaintiff, Craig R. Dostie, files this Complaint and alleges the following in support of the requested relief:

### JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and the standing order of reference.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (K) because this proceeding concerns the administration of the estate, the allowance or disallowance of claims against the estate, and whether a claim is unenforceable against the debtor or property of the estate within the meaning of 11 U.S.C. § 502(b)(1).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case is pending in this district.

## PARTIES

4.  Plaintiff, Craig R. Dostie, is the debtor in the underlying Chapter 7 bankruptcy case pending
    before this Court.

5.  Defendant, U.S. Bank Trust National Association, as Trustee for Chalet Series IV Trust
    ("Trustee"), is an entity that claims to be the holder of rights arising from the mortgage loan
    transaction described herein. Its principal place of business is 7114 E. Stetson Drive, Suite 250,
    Scottsdale, Arizona 85251.

6.  Defendant, SN Servicing Corporation ("SN Servicing"), issued payoff and reinstatement
    statements concerning the loan transaction and communicated with Plaintiff regarding the
    asserted enforcement authority relating to that transaction. At all relevant times SN Servicing
    performed servicing functions for U.S. Bank Trust National Association, as Trustee for Chalet
    Series IV Trust, including the issuance of payoff and reinstatement statements and the receipt of
    Plaintiff's written inquiries requesting verification of that asserted authority.

7.  The knowledge, conduct, and silence of SN Servicing are therefore imputed to U.S. Bank Trust
    National Association for purposes of the claims alleged herein.

## ENTRY OF FINAL JUDGMENT BY THE BANKRUPTCY JUDGE

8.  Plaintiff consents to the entry of final judgment by the Bankruptcy Judge: [X] Yes [  ] No

## STATEMENT OF CLAIM

### Nature of the Action

9.  This adversary proceeding concerns Defendants' assertion of enforcement authority arising from
    the mortgage loan transaction described herein and their subsequent silence after Plaintiff
    directly requested verification of that asserted authority. Plaintiff seeks a determination whether,

under these circumstances, Defendants may assert an enforceable claim against the Debtor or

property of the bankruptcy estate.

10. Plaintiff does not seek to invalidate, extinguish, discharge, or avoid the promissory note,

mortgage, or related instruments, nor does Plaintiff seek lien stripping or lien avoidance under

11 U.S.C. § 506(d). Rather, Plaintiff seeks a determination that Defendants are barred by

equitable estoppel from asserting claims or remedies derived from the alleged obligation after

remaining silent in response to Plaintiff's written inquiries requesting verification of their

asserted enforcement authority.

11. Under 11 U.S.C. § 502(b)(1), a claim must be disallowed to the extent that it is unenforceable

against the debtor under applicable nonbankruptcy law. State-law defenses to enforcement

remain available in bankruptcy. Travelers Cas. & Sur. Co. v. PG&E, 549 U.S. 443, 449–50

(2007). Plaintiff alleges that, because Defendants remained silent after receiving written inquiries

requesting verification of their asserted enforcement authority, equitable estoppel under Maine

law renders Defendants' asserted claim unenforceable against the Debtor and the bankruptcy

estate.

**Factual Background and Ownership Interest**

12. Plaintiff has held an ownership interest in the subject property since 2000. On August 23, 2022,

a quitclaim deed was recorded in the Androscoggin County Registry of Deeds (Book 11189,

Page 183) transferring the interest of Plaintiff's former spouse and co-owner to Plaintiff. As of

that recording, Plaintiff became the sole owner of the property at the time the November 2022

inquiries described below were made.

13. On September 12, 2022, Defendant SN Servicing issued payoff and reinstatement statements

identifying the amount allegedly due and the entity claiming entitlement to receive payment. A

copy of the statement is attached as Exhibit A. Following receipt of that statement, Plaintiff sent written correspondence dated November 7, 2022 requesting verification of the authority asserted in the payoff demand. Additional written correspondence reiterating that request followed on November 25, 2022 and December 5, 2022.

14. The materials requested in Plaintiff's written inquiries included the physical location of the promissory note, the chain of endorsements, the identity of the entity possessing enforcement authority, and records supporting the payoff demand. These materials were not matters of public record and were within the possession, control, and superior knowledge of Defendants. Despite receiving Plaintiff's written requests for verification following the payoff demand, Defendants provided no response identifying the location of the note, the entity possessing enforcement authority, or documentation supporting the asserted right to collect. Because the location of the promissory note and the identity of the party possessing enforcement authority were within Defendants' exclusive knowledge and control, Plaintiff could not independently verify those matters without Defendants' response.

**Key Timeline**

15. August 23, 2022: Quitclaim deed recorded; Plaintiff becomes sole owner of the property.

16. September 12, 2022: Defendant SN Servicing issued payoff and reinstatement statements identifying the amount allegedly due and the entity to whom payment was to be made (see as part of Exhibit A).

17. November 7, 2022: Plaintiff sent a written inquiry in direct response to the payoff demand requesting verification of the note and the authority of the party asserting the right to enforce the obligation (Exhibit A – mailing packet associated with the first sending).

18. November 10, 2022: First inquiry delivered (Exhibit A).

19. November 25, 2022: Second inquiry sent reiterating the request for verification (Exhibit B –
    mailing packet associated with the second sending).

20. November 28, 2022: Second inquiry delivered (Exhibit B).

21. December 5, 2022: Third inquiry sent confirming the response period elapsed without response
    (Exhibit C – mailing packet associated with the third sending).

22. December 8, 2022: Third inquiry delivered (Exhibit C).

23. In December 2022, after the response period referenced in the December 5, 2022
    correspondence had elapsed without reply, Plaintiff executed a deed transferring the property to
    Von Scott. The deed was subsequently recorded in the Androscoggin County Registry of Deeds
    on January 13, 2023.

24. Despite receiving the written inquiries described above, Defendants provided no response
    providing the verification requested, including the location of the promissory note, the identity
    of the entity possessing enforcement authority, or documentation supporting the payoff
    demand. The payoff statement and the complete mailing records for Plaintiff's written inquiries,
    including the correspondence and associated delivery confirmations, are attached as Exhibits A
    through C.

## Count I – Equitable Estoppel (Maine Law)

25. Under Maine law, equitable estoppel arises where (a) a party with knowledge of material facts
    has a duty to speak but remains silent, (b) another party reasonably relies upon that silence, and
    (c) the reliance results in detriment. See Martin v. Maine Central R.R. Co., 83 Me. 100, 105, 21 A.
    740 (1890); Milliken v. Buswell, 313 A.2d 111, 119 (Me. 1973); Littlefield v. Adler, 676 A.2d 940,

942 (Me. 1996); Stickney v. City of Saco, 2001 ME 69, ¶44, 770 A.2d 592. The facts alleged in paragraphs 26–27 plead each element of equitable estoppel.

26. **Duty to Speak.** Defendants' September 12, 2022 payoff and reinstatement statements identified the party claiming the right to receive payment and therefore constituted an affirmative assertion of authority to collect the alleged obligation. Plaintiff responded with direct written inquiries requesting verification of that asserted authority. Defendants possessed exclusive control over the promissory note, endorsement history, servicing records, and other verification materials and therefore held superior knowledge concerning the matters raised in those inquiries. Because Defendants themselves asserted authority to demand payment, Plaintiff's inquiries were directed to the factual basis of that asserted authority and to materials within Defendants' knowledge and control. After asserting the right to collect the alleged obligation and receiving direct inquiries concerning the factual basis for that authority, Defendants remained silent and provided no verification of the asserted enforcement authority. Maine law recognizes that equitable estoppel may arise where a party possessing superior knowledge remains silent after direct inquiry under circumstances where an honest person would be expected to speak. See Martin v. Maine Central R.R. Co.; Milliken v. Buswell. Plaintiff therefore alleges that Defendants' silence after direct inquiry created the circumstances giving rise to equitable estoppel.

27. **Reliance and Resulting Detriment**. Following delivery of the written verification inquiries described above, and in reliance upon Defendants' silence, Plaintiff refrained from initiating litigation or restructuring the transaction during the response period and instead proceeded under the reasonable belief that Defendants would not later assert enforcement rights inconsistent with that silence. During that period Plaintiff incurred expenses associated with the upkeep, preservation, taxes, and utilities of the property. After the response period referenced in

the December 5, 2022 correspondence elapsed without reply, Plaintiff executed a deed

transferring the property to Von Scott, which deed was recorded on January 13, 2023. Plaintiff

would not have transferred the property or otherwise changed position without first obtaining

confirmation of the lawful enforcement authority asserted in the payoff demand had Defendants

responded to the inquiries described above.

28. **In Personam Scope of Estoppel**. Equitable estoppel operates in personam and restrains the

conduct of the party whose conduct created the estoppel rather than altering the underlying

instrument itself. See Rowe v. Hayden, 149 Me. 266, 271–72, 100 A.2d 708 (1953). Plaintiff does

not allege that the promissory note or mortgage instrument has been extinguished, discharged,

or invalidated. Plaintiff alleges that Defendants asserted authority to enforce the alleged

obligation, were directly asked to verify that authority through written inquiries, possessed the

information necessary to respond, and remained silent. Because foreclosure, collection, and lien

enforcement are remedies derived from the alleged obligation, Plaintiff seeks a determination

that Defendants are barred in personam from asserting those remedies against the Debtor or

property of the bankruptcy estate to the extent such remedies depend upon the obligation

Defendants failed to substantiate after direct inquiry. Bankruptcy courts may apply equitable

doctrines, including estoppel, when determining the enforceability of a creditor's claim. See In re

Jamo, 283 F.3d 392, 403–05 (1st Cir. 2002).

29. **Successors and Derivative Claimants**. Plaintiff does not seek a determination extinguishing

the mortgage lien as a recorded instrument or avoiding the lien under the Bankruptcy Code.

Rather, Plaintiff seeks a determination whether Defendants possess an enforceable claim arising

from the alleged obligation and whether Defendants may assert remedies derived from that

obligation against the Debtor or property of the bankruptcy estate. State-law defenses to

assert or enforce the alleged obligation against the Debtor or property of the bankruptcy estate.

Plaintiff alleges that Defendants asserted authority to enforce the obligation and thereafter

remained silent after receiving written inquiries requesting verification of that authority, thereby

giving rise to equitable estoppel under applicable non-bankruptcy law. Because foreclosure,

collection, and mortgage-lien enforcement are remedies derived from that obligation, Plaintiff

seeks a determination whether those remedies may be asserted where the underlying claim is

barred or otherwise unenforceable under applicable law. Any assignee, successor, trustee,

servicer, or agent claiming rights through Defendants to enforce the same obligation stands in

the shoes of Defendants and takes the claim subject to the same defenses, limitations, and

estoppels arising from the conduct alleged herein. See Travelers Casualty & Surety Co. of

America v. Pacific Gas & Electric Co., 549 U.S. 443, 449–50 (2007).

## Count II – Disallowance of Claim (11 U.S.C. § 502(b)(1))

30. Plaintiff incorporates the allegations of Count I as if fully set forth herein.

31. Under 11 U.S.C. § 502(b)(1), a claim is disallowed to the extent it is unenforceable against the

debtor under applicable nonbankruptcy law. State-law defenses to enforcement remain available

in bankruptcy. Travelers Cas. & Sur. Co. v. PG&E, 549 U.S. 443, 449–50 (2007).

32. Plaintiff alleges that Defendants are equitably estopped under Maine law from asserting

enforcement rights arising from the alleged obligation described above. Plaintiff therefore seeks

a determination whether Defendants hold an enforceable claim within the meaning of 11 U.S.C.

§ 502(b)(1).

33. Plaintiff further seeks a determination whether Defendants may assert collection, foreclosure, or

mortgage-lien enforcement remedies against the Debtor or property of the bankruptcy estate to

the extent such remedies depend upon the alleged obligation described above.

34. Plaintiff does not waive any additional defenses or objections to enforceability available under applicable nonbankruptcy law.

35. Plaintiff reserves the right to file a claim on Defendants' behalf pursuant to Fed. R. Bankr. P. 3004 and to object to such claim on the grounds set forth herein.

## RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that Defendants are barred by equitable estoppel from asserting or enforcing any claim, right, or remedy against the Debtor or property of the bankruptcy estate derived from the alleged obligation, including collection, foreclosure, or lien-enforcement remedies to the extent such remedies depend upon that alleged obligation;

B. Disallow any proof of claim filed by or on behalf of Defendants pursuant to 11 U.S.C. § 502(b)(1);

C. Declare that Defendants do not possess an enforceable claim against the Debtor or the bankruptcy estate arising from the alleged obligation; and

D. Grant such other relief as the Court deems just and proper.

## CLOSING

Date of signing: _____3-11_____, 2026.

bt: Craig R. Dostie

Craig R. Dostie, Plaintiff Pro Se
105 Pond Road, Lewiston, Maine 04240
Cell: 207 312 7145

# Exhibit A

Part # 2 – Default to settle evokes "Bankers Acceptance"

# NOTICE TO CEASE AND DESIST # 1

### Date: _11-5-2022_

#### This is a time sensitive communication: 10-days

RE: Account # 0000294324

RE: property Address: 105 Pond Rd, Lewiston, Maine [04240-9998]

Notice to agent is notice to principal, notice to principal is notice to agent.

#### Affirmation [Affidavit]

Dear Purported Servicer; SN SERVICING CORPORATION:

Synopsys:

1. Above, Part # 1, you have the Treasury communication that settles your purported Loan Account # 0000294324.

2. As I am the secure private creditor in this matter, I am accepting for value the attached 9/12/2022 dated PAYOFF statement supplied and will reference it later in this Regulation Z debt validation process communication. I have been told that you have had no success finding "the" authentic note with "the" wet ink signature or "the" authentic mortgage with "the" wet ink signature.

3. Enclosed is the purported note you sent me with my newly signed allonge stapled to it "as one". My "assignment" to you allows me to complete the enclosed 1099 A (acquisition/abandonment) and 1099 B (Barter with my silver sending) and the 1099 C for final cancelation that purported note and the cancellation of your use of my credit.

4. My final 1099 A enclosed yields my position as creditor and accompanies the .999 pure silver Postal Money Order sent to the Treasury to pay off your PAYOFF purported debt. My $180000 tendered payoff amount on the 1099 A is slightly higher that the payoff statement amount, but I am adjusting for possible additional fees and you can credit back to me any overages along with your 1099 NEC and 1099 INT reimbursements.

5. As part of my 1099 B, "Barter" process. I have enclosed to treasury the .999 pure silver Postal Money Order sending that shows as non UCC registered no. 27790278287 which "pays off" the purported $180000 M1 FRN nominal value I have assigned to the 1099 A and PAYOFF statement receipt. My sending to Treasury is to return the M1 to its IRS Form 1099 OID and Form 8281 source, which is i, the beneficiary with account at Treasury.

6. As this is a Trust matter, I have appointed you, Robin P Arkley, and SN SERVICING COPORATION as my form 56/56f fiduciaries to provide me benefit as I'm the beneficiary of the Soc Sec Cestui

44

Que Trust you are administrating as Trustees. Please complete and return enclosed items W9, 1099 OID, FR 2046 form 56 and Form 56F.

7. With the 1933 government removal of gold and silver currency with the implementation of House Joint Resolution, HJR 192, Public Law 73-10, 18 USC § 8, 12 USC 411-- there is no money that "pays off" debt but that of silver or gold-based instruments. Legal tender doesn't "payoff" debt it just discharges it to the future. M1, money of account, has no real "substance", it is security based and requires someone's "signature"; in that world the source of all M1 credit stems from the people - see affidavit of Walker Todd, former Treasury Attorney.

8. Notice: this communication to settle the purported debt. IRS form 15227 PIN application is in place and that of IRS W4 Exempt sandwich is being process to have all interest, taxes and fees returned back to the 1099 OID and Form 8281 source, me. Hence, there is little/no profit incentive for a court to want to docket this issue which is why SN SERVICING CORPORATION should immediately settle this matter.

9. Remember, this is a trust matter, and you are compelled as fiduciary to provide me, the beneficiary, the benefit. Within 10-days, communicate to me that you are settling the account as completed in that Treasury Communication and you may skip what is written next below.

Or: this "Banker's Acceptance" puts "Lien Security Contract in place with you giving me your Power of Attorney for to achieve remedy.

10. My response herein with my 3rd party witness, Seve Teo and with your US Post Office agent/certified mail, is my "conditional acceptance upon proof of claim"; often referred to as the "Banker's Acceptance".

11. You are now under contract with my terms as soon as certified mail # 7022 0410 0001 3684 2486 is in the mail. That cert # now represents your Lien Security Contract number # 7022 0410 0001 3684 2486 should you fail to meet my enclosed additional terms.

12. My terms require you to achieve either of the following in the next 10-days.

   a. Option # 1: Provide me final settlement/payment confirmation letter as per Treasury communication terms herein within next 10-days; should you do this, the purported matter is settled. But if not;

   b. Option # 2: Provide to me the sworn forensic/accounting items named 1a-5a herein within the same said 10-days to verify the debt as per regulation Z. Complete the enclosed W9, 1099 OID, 8281, FR 2046 for all principals and agents for purported loan.

13. Default terms: your default by acquiescence to successfully perform either option 1 or 2 above is your consent to additional contract terms.

RE: Account # 0000294324
RE: property Address: 105 Pond Rd, Lewiston, Maine [04240-9998]

**Purported PAYOFF statement Date: 9/12/2022- SN SERVICING CORPORATION**
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**
**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

14. Please be advised that this letter shall serve as an official "Validation of Debt" / "Proof of Claim Request", "Error Resolution & Information Request" (ERIR), and "Qualified Written Request" (QWR) pursuant to *12 CFR §1024.35, 12 CFR §1024.36, 24 CFR §3500(e)*, and *12 USC §2605(e)* of the *Real Estate Settlement Procedures Act (RESPA),* and pursuant to *12 CFR §226.39 / §1026.39* and *15 USC §1641* of the *Truth in Lending Act (TILA),* and pursuant to *15 USC §1692(g)* or *§809* of the *Fair Debt Collection Practices Act (FDCPA).* Notice to Principal is Notice to Agent, and Notice to Agent is Notice to Principal.

15. THIS IS A CONSTRUCTIVE NOTICE, to:  All Officers/agents of and for SN SERVICING CORPORATION you are hereby commanded to CEASE and DESIST all collection activities prior to validation of this purported debt.

16. Notification of legal responsibility is "the first essential of due process of law." SEE: U.S. v. Tweel, 550 F. 2d. 297.

17. This entire document is to be made a permanent part of the administrative records of the Maine common law court of record of and pertaining to the undersigned Craig R Dostie & the.

18. This is lawful notification to you, pursuant to The Bill of Rights of the National Constitution, in particular, the First, Fourth, Fifth, Sixth and Ninth Amendments.

19. This requires your written response to us specific to the subject matter.

20. Your failure to respond, within 10-days of the receipt of this notice, and rebut with particularity, everything in this document with which you disagree is your lawful, legal and binding agreement with and admission to the fact that everything in this document is true, correct, legal, lawful and binding upon you, in any court, anywhere in the united States of America, without your protest or objection or that of those who represent you. Your silence is your acquiescence. See: *Connally v. General Construction Co.*, 269 U.S. 385, 391. Notification of legal responsibility is "the first essential of due process of law." Also, see: *U.S. v. Tweel*, 550 F. 2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." The recipient of this document is obligated to verify the record is correct or correct such records where a defect is found.

21. "The law creates a presumption, where the burden is on a party to prove a material fact within his knowledge, and he fails without excuse to testify, that his testimony, if introduced, would be averse to his interests." SEE: Meier V. CIR, 199 F. 2d. 392.

22. Pursuant to the Fair Debt Collection Practices Act, 15 USC 1601, 1592, et seq. this constitutes timely written notice that I decline to pay the attached erroneous purported debt which is unsigned and unattested, and which I discharge and cancel in its entirety without dishonor, on the grounds of Nil debt, breach of contract, false representation and fraud.

23. 15 USC 1692 (e) states that a "False, deceptive, and misleading representation, in connection with the collection of any debt," includes the false representation of the character or legal status of any debt and further makes it a threat to take any action that cannot be lawfully taken, a deceptive practice.

24. Pursuant to 15 USC 1692 (g) (4) VALIDATION OF DEBTS;
    If you have evidence to validate your claim that the attached presentment does not constitute fraudulent misrepresentation and that one owes this alleged debt, this is demanded that, within 10-days, you provide such validation and supporting evidence to substantiate your claim. Until the requirements of the FAIR DEBT COLLECTION PRACTICES ACT have been met and your claim is validated, you have no jurisdiction to continue any collection activities.

    Evidence to substantiate your claim shall be in the form of:

    1a.   Your sworn forensic accounting of all the legal documents that created every legal or commercial entity involved in this purported debt "account # 0000294324".

    2a.   Your sworn forensic accounting of the account # 0000294324 in this purported debt.

    3a.   Your sworn forensic accounting of the contracts between all legal or commercial entities involved in this purported debt.

    4a.   Your sworn forensic accounting of the principals of all of the legal or commercial entities involved in this purported debt.

    5a.   Your sworn possession/ownership of the wet ink endorsed mortgage and the note.

25. This is constructive notice that, absent the validation of your claim within 10-days, you must cease and desist any and all collection activity and are prohibited from contacting us, through the mail, by telephone, in person, at my home, or at work. You are further prohibited from contacting my bank, or any other third party. Each and every attempted contact, in violation of this act, will constitute harassment and defamation of character and will subject your agency and/or board, and any and all agents in his/her/their individual capacities, who take part in such damages, and defamation, to a liability for actual damages, as well as statutory damages of up to $1,000.00 for each and every violation, and a further liability for legal fees to be paid to any counsel which I may retain. Further, absent such validation of your claim, you are prohibited

from filing any notice of lien and/or levy and are also barred from reporting any derogatory credit information to any Credit Reporting Agency, regarding this disputed purported debt.

26. You are directed to provide the verification items list above 1a – 5a, provide any and all evidence under point by point sworn affidavit under penalty of perjury and under your unlimited liability. All communication must be in writing and mailed as directed herein to Craig-R: Dostie **c/o Seve Teo as affidavit witness, 14 Eastfield Rd, Cape Elizabeth, Maine [04107-9998]**

27. Further, pursuant to the FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 (g) (8), as you are merely an "agency" or board, acting on someone else's behalf, this is a demand that you provide the name of the original purported "principal" or purported "holder in due course" for whom you are attempting to collect this debt.

28. If you default, then an ADMINISTRATIVE DECLARATORY JUDGMENT CONTRACT, ADJ Contract will result and act as a Common Law Lien Security Contract. The ADJ Contract affirms:

1. your contract agreement to the status of "nil debt" on purported account # **0000294324**, and the understanding that the account is void, fraudulent, unlawful and illegal.

2. that this ADJ Contract is the instrument that acknowledges and affirms SN SERVICING COPORATION, Chalet Series IV Trust, Agent/Principal, and successors and assigns, granting to Craig-R: Dostie **full power of attorney to:**

   a. **discharge** and remove all recorded mortgage/assignment associated items with account # **0000294324** at the Androscoggin County Registry of Deeds.

   b. Record and enforce the ADJ contract terms to annul, cease **and expunge all legal or debt collection** actions regarding said purported mortgage.

   c. Record and enforce the ADJ contract terms to cease and **expunge all credit reporting agency actions** regarding said purported mortgage.

   d. For Craig-R: Dostie to **commence**, apply, record, enforce, assign, **"Common Law Lien Security Contract"** for SN SERVICING CORPORATION to pay lawful money settlement compensation to Craig-R: Dostie in the amount of $2 million. Terms include Craig- R: Dostie to use UCC filings and IRS 1099A, 1099 OID, 1096, 1040v, 8281, form 56, form 56f and other options as needed to mitigate and compensate for any continue wrong of SN SERVICING CORPORATION, Chalet Series IV Trust its Agents/Principal successors and assigns.

3. This **ADJ contract** is consensual, private contract law, is res judicata, is irrevocable, and is protected by equitable estopple.

48

4. i: Man; Craig; am American State National, one of the unenfranchised common law free people on the land called Maine Republic, of age of majority, am competent to state the facts herein. i affirm [attest] before two witnesses, under penalty of perjury, the facts herein are true complete and not misleading to the best of my ability. Presented in good faith, autograph with a patent right, without recourse, all rights reserved, no usufruct, no hypothecation permitted.

Witness: _____

Witness: _____

Your response need be in the form of written communication by way of certified mail to: "Craig-R: Dostie, beneficiary, c/o Seve Teo, 3rd party notary witness, 14 Eastfield Rd, Cape Elizabeth, Maine [04107-9998] Non-domestic, without U.S"

"i": [a] Man; Craig-Robert: Family of Dostie, one of the people, native born American National, of age of majority with firsthand personal knowledge, do swear (affirm), under penalty of perjury, that all herein be true, complete, and not misleading. In good faith, with a patent right, all rights reserved, without recourse.

By: _____ beneficiary

By: Craig-Robert:Dostie, beneficiary

Maine State Republic
Androscoggin County

MAKING presence before notary, the above-named Man, Craig-Robert: Family of Dostie, does acknowledge the foregoing instrument to be of his free act and deed.

Sworn to and subscribed before me this ___4___ day _November___ month _2022___ year.

_____
Notary Public/Attorney at Law
Printed Name _Cathy L Levesque___
My Commission expires _____         SEAL

CATHY L. LEVESQUE
NOTARY PUBLIC
State of Maine
My Commission Expires
February 12, 2029

49

# SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

## PAYOFF

### NOTICE OF ATTEMPT TO COLLECT DEBT

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS
EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY
INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.
IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT
REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN
ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN
THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

September 12, 2022

Craig R Dostie
105 Pond Rd
Lewiston, ME 04240

RE: 0000294324/DOSTIE

CRAIG R DOSTIE & JOYE L DOSTIE
105 POND ROAD, LEWISTON, ME 04240

Pay off figures for the above referenced loan/borrower are:

| | |
|---|---|
| Projected Payoff Date | October 8, 2022 |
| Principal Balance | $99,797.59 |
| Interest to October 8, 2022 | $25,588.84 |
| Other (See Attached Detail) | $8,752.32 |
| Funds Owed From Borrower | $14,747.28 |
| Funds Owed To Borrower | $0.00 |
| Total Payoff | $148,886.03 |
| Per Diem | $17.09 |

The next payment due is October 1, 2018. The current interest rate is 6.25% and the P&I payment is $575.97.

### PAYOFF INSTRUCTIONS/INFORMATION:
- Pay off figures are subject to change so please call (800) 603-0836 to update these figures prior to remitting funds.
- Funds received after 12:00 noon will be processed on the next business day and interest will be charged through that date.
- All payoff figures are subject to clearance of funds in transit. The payoff is subject to final audit when presented.
- Please provide the borrower's forwarding address so any overpayment or refund can be directly mailed to the borrower.
- We will prepare the release of our interest in the property after all funds have cleared.

### REMITTANCE /INFORMATION:
Make checks payable to: Chalet Series IV Trust

U.S. Postal Service:
SN Servicing Corporation
Chalet Series IV Trust
323 Fifth St
Eureka, CA 95501

FedEx/UPS:
SN Servicing Corporation
323 Fifth St
Eureka, CA 95501

Wiring Instructions:
Chalet Series IV Trust, Bank of Texas, ACCT#8095283520, ABA#111014325, Attn:

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.-5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

**UNOFFICIAL REINSTATEMENT DETAIL**
Account No. 8000294324

**DESCRIPTION OF OTHER**

| | DESCRIPTION | AMOUNT |
|---|---|---|
| Attorney Fee | | $6,144.82 |
| Prior Servicer 3rd Party Corp Adv | Foreclosure Fees | $1,057.40 |
| Foreclosure Fees | | $100.00 |
| Late Charges | | $160.00 |
| Prior Servicer Late Charge | | $201.60 |
| Prior Servicer Corp Adv | Foreclosure Fees | $960.00 |
| Miscellaneous | Attorney Fees and Costs | $128.50 |
| | TOTAL | $8,752.32 |

**FUNDS OWED FROM BORROWER**

| | DESCRIPTION | AMOUNT |
|---|---|---|
| Escrow Only Payment | FPI: September - October 2022 | $172.46 |
| | TOTAL | $172.46 |

51



**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

### REINSTATEMENT LETTER

### NOTICE OF ATTEMPT TO COLLECT DEBT

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS
EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY
INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT
REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN
ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN
THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

September 12, 2022

FROM: FORECLOSURE DEPARTMENT
RE:   0000294324/DOSTIE

GOOD THROUGH October 8, 2022

| | |
|---|---|
| PAYMENTS DUE | $44,482.69 |
| 49 X $907.81 | |
| ESCROW ONLY PAYMENT | $172.46 |
| ATTORNEY FEE | $6,144.82 |
| PRIOR SERVICER 3RD PARTY CORP ADV | $1,057.40 |
| FORECLOSURE FEES | $100.00 |
| LATE CHARGES | $160.00 |
| PRIOR SERVICER LATE CHARGE | $201.60 |
| PRIOR SERVICER CORP ADV | $960.00 |
| MISCELLANEOUS | $128.50 |
| **REINSTATEMENT TOTAL** | **$53,407.47** |

### REINSTATEMENT INSTRUCTIONS/INFORMATION:

• Reinstatement figures are subject to change so please call (800) 603-0836 to update these figures prior
to remitting funds.

• Funds received after 12:00 noon will be processed on the next business day and interest will be charged
through that date.

• All reinstatement figures are subject to clearance of funds in transit. The reinstatement is subject to final
audit when presented.

### REMITTANCE /INFORMATION:

Make checks payable to: Chalet Series IV Trust

U.S. Postal Service:
SN Servicing Corporation
Chalet Series IV Trust
323 Fifth St
Eureka, CA 95501

FedEx/UPS:
SN Servicing Corporation
323 Fifth St
Eureka, CA 95501

Wiring Instructions:
Chalet Series IV Trust, Bank of Texas, ACCT#8095283520, ABA#111014325, Attn:

52

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

**UNOFFICIAL REINSTATEMENT DETAIL**
Account No. 0000294324

**DESCRIPTION OF OTHER**

|  | DESCRIPTION | AMOUNT |
|---|---|---|
| Attorney Fee |  | $6,144.82 |
| Prior Servicer 3rd Party Corp Adv | Foreclosure Fees | $1,057.40 |
| Foreclosure Fees |  | $100.00 |
| Late Charges |  | $160.00 |
| Prior Servicer Late Charge |  | $201.60 |
| Prior Servicer Corp Adv | Foreclosure Fees | $960.00 |
| Miscellaneous | Attorney Fees and Costs | $128.50 |
|  | TOTAL | $8,752.32 |

**FUNDS OWED FROM BORROWER**

|  | DESCRIPTION | AMOUNT |
|---|---|---|
| Escrow Only Payment | FPI: September - October 2022 | $172.46 |
|  | TOTAL | $172.46 |

53

# USPS Tracking®



**Tracking Number:**

## 70220410000136842486

**Copy**    Add to Informed Delivery (https://inforn

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 11:51 am on November 10, 2022 in EUREKA, CA 95501.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

*November 10 + 20 = November 30*

## Delivered

**Delivered, Front Desk/Reception/Mail Room**

EUREKA, CA 95501
November 10, 2022, 11:51 am

**Available for Pickup**

EUREKA, CA 95501
November 10, 2022, 8:29

**Departed USPS Regiona**

SAN FRANCISCO CA DIS
November 9, 2022, 1:18 p

**Arrived at USPS Region**

SAN FRANCISCO CA DIS
November 9, 2022, 11:29

**In Transit to Next Facility**

November 8, 2022

**Arrived at USPS Regiona**

Feedback

# Exhibit B

# Lawful & Legal Notice

From / Respond To:   Craig-R: Dostie © TM, beneficiary xxx-xx-0103
c/o Seve Teo, as 3rd party witness
14 Eastfield Rd, Cape Elizabeth, Maine [04107-9998]

To:

SN SERVICING COPORATION, Chalet Series IV Trust
323 Fifth St, Eureka, CA 95501
Attn: Payoff Department c/o Robin P Arkley II, dba CEO, SN SERVICING
COPORATION, Chalet Series IV Trust,
USPS Certified Mail #     7022  0410  0002  9275  3367

RE: Account # 0000294324
RE: property Address: 105 Pond Rd, Lewiston, Maine [04240-9998]

## CEASE AND DESIST # 2   Date: _Sent November 25, 2022_

### NOTICE OF DEFAULT AND DISHONOR OF CONDITIONAL ACCEPTANCE
### WITH 72 HR OPPORTUNITY TO CURE

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

On November 10, 2022, you received attached items Part # 1 – Treasury Settlement and Part # 2 "Bankers' Acceptance". Both sent with Post Box Contract Rule with certified delivery, 3rd party witness, affidavit and Notary presentment. If we don't receive something from you by end of day tomorrow (11/20/2022), I will be mailing this notice # 2 soon after. Failure to cure as stated herein will be your bilateral agreement to terms of contract.

"i": [a] Man; Craig-Robert: Family of Dostie, one of the people, native born American National, of age of majority with firsthand personal knowledge, do swear (affirm), under penalty of perjury, that all herein be true, complete, and not misleading. In good faith, with a patent right, all rights reserved, without recourse.

By: _Craig Robert _____

By: Craig Robert Dostie

Maine State Republic
Androscoggin County

MAKING presence before notary, the above-named Man, Craig-Robert: Family of Dostie, does acknowledge the foregoing instrument to be of his free act and deed.

Sworn to and subscribed before me this ___19___ day _November_ month _2022_ year.

_____
Notary Public/Attorney at Law
Printed Name _Cathy L Levesque_
My Commission expires _____

CATHY L. LEVESQUE
NOTARY PUBLIC
State of Maine
My Commission Expires
February 12, 2029

SEAL

# USPS Tracking®

FAQs ›

**Tracking Number:**

**70220410000292753367**

Copy     Add to Informed Delivery (https://inf...



## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 12:19 pm on November 28, 2022 in EUREKA, CA 95501.

## Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered

**Delivered, Front Desk/Reception/Mail Room**
EUREKA, CA 95501
November 28, 2022, 12:19 pm

**Out for Delivery**
EUREKA, CA 95501
November 28, 2022, 6:1

**Arrived at Hub**
EUREKA, CA 95501
November 27, 2022, 11:

**Arrived at USPS Regio**
SAN FRANCISCO CA D
November 27, 2022, 3:4

**In Transit to Next Facil**
November 26, 2022

**Departed USPS Regional Origin Facility**

of 2

# Exhibit C

# Lawful & Legal Notice

From / Respond To:   Craig-R: Dostie © TM, beneficiary xxx-xx-0103
c/o Seve Teo, as 3rd party witness
14 Eastfield Rd, Cape Elizabeth, Maine [04107-9998]

To:          SN SERVICING CORPORATION, Chalet Series IV Trust
323 Fifth St, Eureka, CA 95501
Attn: Payoff Department c/o Robin P Arkley II, dba CEO, SN SERVICING
COPORATION, Chalet Series IV Trust,
USPS Certified Mail # 7022 0410 0002 9275 3541

RE: Account # 0000294324
RE: property Address: 105 Pond Rd, Lewiston, Maine [04240-9998]

## CEASE AND DESIST # 3   Sent Date: *12 - 5 - 2022*

### NOTARY CERTIFICATION OF CONSENT TO TERMS OF
## ADMINISTRATIVE DECLARATORY JUDGMENT CONTRACT
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

By the time I send this, you people at SN SEVICING CORPORATION will have had more than 20-days to make proper response. This sending is notary certified notice of final default. Above sent date is the ADMINISTRATIVE DECLARATORY JUDGMENT contract effective date.

1. On November 10, 2022, you received NOTICE OF CEASE AND DESIST # 1 with Part # 1 – Treasury Settlement and Part # 2 "Bankers' Acceptance". Both sent with Post Box Contract Rule with certified delivery, 3rd party witness, affidavit and Notary presentment. Also is W4 good faith tax assessment with 10-day demand to supply your accounting and sending of your completed form W9, 1099 OID, 1098, FR 2046. The USPS certified mail / your contract number is 7022 0410 0001 3684 2486.

2. On November 28, 2022, you received items CEASE AND DESIST # 2, NOTICE OF DEFAULT AND DISHONOR OF CONDITIONAL ACCEPTANCE WITH 72 HR OPPORTUNITY TO CURE. Included is **Exhibit H**: memorandum of law with negative averment for you to rebut or accept "as is".

3. It is certified that you made no response as required to the specified 3rd party affidavit witness: Seve Teo, c/o 14 Eastfield Rd, Cape Elizabeth, Maine [04107-9998]. Your "action" to slumber on your duty to report is your tacit consent by way of postal rule to my good faith W4 tax assessment and this Res Judicata ADMINISTRATIVE DECLARATORY JUDGMENT CONTRACT, ADJ, bilateral Contract, effective on date *12 - 5 - 2022* .

4. **Terms 1**: you are with contract agreement to the status of "nil debt" on purported account # **0000294324**, and the understanding that the account is void, fraudulent, unlawful and illegal.

5. **Terms 2**: that this sending is the instrument that acknowledges and affirms SN SERVICING CORPORATION, Chalet Series IV Trust, Agent/Principal, and successors and assigns, granting to Craig-R: Dostie **full power of attorney to**:

a. **discharge** and remove all recorded mortgage/assignment associated items with account # **0000294324** at the Androscoggin County Registry of Deeds.

b. Record and enforce the ADJ contract terms to **annul, cease and expunge all legal or debt collection** actions regarding said purported mortgage.

c. Record and enforce the ADJ contract terms to cease and **expunge all credit reporting agency actions** regarding said purported mortgage.

d. For Craig-R: Dostie to **commence**, apply, record, enforce, assign, **"Common Law Lien Security Contract"** for SN SERVICING CORPORATION to pay lawful money settlement compensation to Craig-R: Dostie in the amount of $2 million. Terms include Craig- R: Dostie to use UCC filings and IRS 1099A, 1099 OID, 1096, 1040v, 8281, form 56, form 56f and other options as needed to mitigate and compensate for any continue wrong of SN SERVICING CORPORATION, Chalet Series IV Trust its Agents/Principal successors and assigns. To mitigate this, performance required in the form of mailed SN SERVICING CORPORATION letter of closure, settlement and zero balance of account # **0000294324** with notice to all credit reporting entities.

7. A. Terms 3: This **ADJ contract** is consensual, private contract law, **is res judicata**, is irrevocable, and is protected by equitable estopple.

*CRD 11-29-22*

i: Woman; Seve; Teo; say before 2 witnesses, I am of age of majority and competent to state my facts herein to be true and complete and not misleading, done in good faith, without recourse.

1. i say as witness, Craig Dostie sent what he said he sent herein. USPS receipts attached.
2. i have no knowledge of evidence of any SN SERVICING CORPORATION proper response.

By: _(signature)_

By: Seve Teo, all rights reserved

X _(signature)_    X _(signature)_    11-29-2022

"i": [a] Man; Craig-Robert: Family of Dostie, one of the people, native born American National, of age of majority with firsthand personal knowledge, do swear (affirm), under penalty of perjury, that all herein be true, complete, and not misleading. In good faith, with a patent right, all rights reserved, without recourse.

By: _(signature)_

By: Craig Robert Dostie

Maine State Republic
Androscoggin County

MAKING presence before notary, the above-named Man, Craig-Robert: Family of Dostie, does acknowledge the foregoing instrument to be of his free act and deed.

Sworn to and subscribed before me this _29_ day _November_ month _2022_ year.

_(signature)_

Notary Public/Attorney at Law

Printed Name _Cathy Levesque_

My Commission expires _____

SEAL

CATHY L. LEVESQUE
NOTARY PUBLIC
State of Maine
My Commission Expires
February 12, 2029

# USPS Tracking®

Dec 5

**Tracking Number:**

## 70220410000292753541

Copy       Add to Informed Delivery (https://in



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Eureka, CA 95501

Certified Mail Fee     $4.00
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $0.00
☐ Certified Mail Restricted Delivery $0.00    Postmark
☐ Adult Signature Required           $0.00    Here
☐ Adult Signature Restricted Delivery $0.00
Postage     $17.10
Total Postage and Fees     $24.35
Sent To  SN Servicing Corp Robin Ankley
Street and Apt. No., or PO Box No.  323 Fifth st. Eureka, Ca
City, State, ZIP+4  95501

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 12:07 pm on December 8, 2022 in EUREKA, CA 95501.

## Get More Out of USPS Tracking:

**USPS Tracking Plus®**

## Delivered

**Delivered, Front Desk/Reception/Mail Room**
EUREKA, CA 95501
December 8, 2022, 12:07 pm

### Out for Delivery

EUREKA, CA 95501
December 8, 2022, 6:10

### Arrived at Post Office

EUREKA, CA 95501
December 8, 2022, 1:11

### Arrived at USSPS Region

SAN FRANCISCO CA D
December 7, 2022, 12:4

### In Transit to Next Facili

December 6, 2022

### Arrived at USPS Regional Origin Facility

**SENDER: COMPLETE THIS SECTION**
■ Complete Items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Robin P Ankley Dba CEO
SN SERVICING CORP.
323 Fifth St., Eureka
CALIFORNIA    95501

9590 9402 7378 2028 1525 06

2. Article Number (Transfer from service label)
7022 0410 0002 9275 3541

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
                                     12-8-22
D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature                   ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                   ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™
☐ Collect on Delivery               ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

Domestic Return Receipt

Feedback